## Commonwealth v. McLeod, Appellant.

*Criminal law—Conspiracy to cheat and defraud—Evidence—Sufficiency.*

In the trial of an indictment for conspiracy to cheat and defraud and to fabricate false and fraudulent evidence, the testimony produced on behalf of the Commonwealth was that the defendants had secured money from the plaintiff on the assertion that they had evidence of his wife's infidelity, but would only divulge it on the payment of a retainer to them, as private detectives, for the purpose of procuring evidence of her adultery. It was also averred that subsequently the defendants made several admissions that they did not have such evidence at the time that they obtained the money from the plaintiff.

*Held* that, under such circumstances, the case was for the jury and a verdict of guilty will be sustained.

Submitted October 27, 1921. Appeals, Nos. 173 and 174, Oct. T., 1921, by defendants, from judgment of Q. S. Phila. Co., Aug. Sessions, 1920, No. 551, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Charles D. Herron and William W. McLeod. Before

Statement of Facts—Opinion of the Court. [77 Pa. Superior Ct.

ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.  Affirmed.

Indictment for conspiracy to cheat and defraud, and to fabricate false and fraudulent evidence.  Before McCULLEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed.  Defendants appealed.

*Errors assigned* were various rulings on evidence, the charge of the court and dismissing motion for arrest of judgment because the indictment did not set forth such facts as constitute an indictable offense.

*Henry J. Scott,* and with him *Louis Goodfriend,* for appellants.

*Charles Edwin Fox,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY PORTER, J., November 21, 1921:

These appeals by the defendants, respectively, are from their conviction in the court below upon an indictment which in its first count charged them, with other persons unknown, with having conspired to cheat and defraud one Williams, by means of false pretenses and representations that his wife had been guilty of a violation of her marriage vows and that he had cause for instituting proceedings in divorce against her, and in the second count charged a like conspiracy to fabricate false and fraudulent evidence, which would cause and induce the said Williams to believe that his wife had been guilty of a violation of her marriage vows and that he had real cause for instituting proceedings against his wife to procure a divorce.

The witness, Williams, testified that the defendants whom he did not previously know had approached him and stated that they had positive evidence that his wife had committed adultery and asked him whether he desired to continue to live with a woman who was not true to him; that he replied "No, not if I know it for a positive fact and it could be proven to me"; whereupon they replied, "Well, we have got the evidence." The witness later met the defendants, by appointment, when the defendants again asserted that they had the evidence that his wife had committed adultery but refused to state the nature of that evidence unless he would employ them as detectives in the case and pay them one hundred dollars. The defendants at this interview disclosed that they were licensed private detectives. Williams became suspicious and communicated with detectives of the City and County of Philadelphia. The defendants continued their representations that they had the evidence incriminating the wife of Williams and he arranged to meet them at their office, which he did, taking with him a city detective and fifty dollars in marked bills with which he had been furnished. The defendants, at this interview, persisted in the assertion that they had the evidence establishing the misconduct of Mrs. Williams and Williams agreed to employ them as detectives and then paid them the fifty dollars. After paying the money Williams went out and the defendants were shortly afterwards arrested by a county detective. If the testimony of Williams was true the representations made by the defendants were as to an existing fact, that they possessed the evidence of his wife's infidelity; not a mere undertaking to procure such evidence in the future, and those representations were made for the purpose of inducing him to part with his money. His testimony was corroborated by that of other witnesses. The defendants did not attempt, when testifying in their own defense, to deny that the representations had been made, but attempted, on the contrary, to establish that the

representations were true; that they had at the time the evidence of the wife's infidelity. Mrs. Williams testified that she never had been guilty of infidelity to her husband. David Friedman, a detective of the County of Philadelphia, testified that the defendants admitted to him, after their arrest, that they had no evidence against Mrs. Williams. Mr. Wynne, chief of county detectives, testified that after the arrest of the defendants they had admitted to him that they had told Williams "they had the goods on his wife. I asked them what they had? They said they did not have anything, they only told him that to get the business." This evidence was amply sufficient to warrant a finding that the defendants had unlawfully combined and conspired, by false and fraudulent pretenses to defraud Williams. The court did not err in refusing the request of the defendants that the jury be instructed to render a verdict of not guilty, and the first specification of error is overruled.

The defendants had exhibited to Williams a photograph of Mrs. Williams which they had asserted was of a compromising nature. It was entirely proper for the Commonwealth to show by Mrs. Williams the circumstances under which that picture had been taken. The defendant McLeod had in his examination in chief testified that certain alleged misconduct of Mrs. Williams had occurred at a rooming house of which he had charge. It was entirely proper for the district attorney to interrogate him as to the character of the house and the business which he there pursued. The second, third, fourth and fifth specifications of error are dismissed. The first count of the indictment sufficiently charged a conspiracy to defraud and the conviction upon that count is sufficient to sustain the judgments entered against the defendants, respectively. The court did not err in refusing to arrest judgment.

The judgments in the appeals Nos. 173 and 174, October Term, 1921, are affirmed, and it is ordered that the defendants, respectively, appear in the court below at

465, (1921).]          Opinion of the Court.

such time as they may be there called and that they be by that court committed until they have complied with the sentence or any part of it which had not been performed at the time the appeals in their respective cases were made a supersedeas.